*Southern Division*
No. 25092

**F. J. McCANN, ET ALS**
**d/b/a**
**BENEFICIAL FINANCE COMPANY**

**v.**

**CHARLES SCHWARTZ, EXECUTOR**
under the will of
**LUCY GIAMPAPA**

Argued: ——— 1967      Decided: ——— 1967

*Present:* Nash, C.J., Lee, Cox, J.J.

Case tried to *Robinson J.* in the District Court of Western Norfolk   No. 25092

*Lee, J.* This is an action in which the plaintiffs seek recovery for the balance due on a promissory note. The plaintiffs amended declaration alleges that the defendant's testatrix, as co-maker with her husband, jointly and severally executed a promissory note to the plaintiffs, and that the plaintiffs bring this action against the goods and estate in the hands of Charles Schwartz who is the executor of the deceased co-maker, Lucy Giampapa.

The answer is general denial, payment, denial of testatrix's signature, statute of limitations, denial of any execution of the note by the executor, no consideration, inducement of

execution on promise of life insurance and breach of agreement to provide life insurance.

We set out that portion of the trial justice's finding which is important to the issue in this case.

A note was signed in the office of the plaintiffs by Lucy Generazo and her then husband John Generazo and, over a period of time, payments were made and credited to the principal together with credits for default charges totaling $422.30. At the time this action was brought, there was a balance, according to the business records of the plaintiffs, of $596.48 and this amount was the balance owed by the makers of the note at the time of the death of Lucy (Generazo) Giampapa, on September 3, 1964. John Generazo and Lucy (Generazo) Giampapa were husband and wife at the time they signed the note but were subsequently divorced and she resumed her former name of Lucy Giampapa. The defendant, Charles Schwartz is the executor of her will. John Generazo is still living but is not a party to this action.

The only issue in this case is whether, in as much as a premium for life insurance was provided on the face of the note and this premium was actually paid and that on the death of Lucy Giampapa, the outstanding balance on the note should have been paid in full by the life insurance company and that the defendant executor should be held harmless.

The plaintiff's contention is that it was the policy of the company to insure only the male maker of the note and not the female maker and it attempted to prove this point by an oral conversation between the plaintiff's manager and the Generazos to that effect. This was properly excluded by the trial justice as he had in evidence before him the note and any such condition should have been incorporated therein. Another document introduced in evidence was a "Certificate of Insurance Protection" but this did not have the makers' names on it nor their loan number. The judge was correct in disregarding this evidence.

The best evidence in this case is the note itself. It clearly shows that it was intended to be a joint obligation of John Generazo and this then wife Lucy Giampapa. There was a balance due on this note in the sum of $596.48 at the time of the death of Lucy (Generazo) Giampapa on September 3, 1964. A premium for life insurance was provided for on the face of the note and made a part therein. This premium was paid and the balance due on this note should be paid in full by the life insurance company.

We see no merit to the plaintiff's position that it intended to place this insurance on the male maker of the note and not on the female maker.

The note is unambiguous and clear on its face. If there was any ambiguity or un-

certain language it is to be construed strongly against the party who drew it. *Bowser* v. *Chalifour,* 334 Mass. 348, 352.

This note should be construed in accordance with justice and common sense and the probable intention of the parties. *Clark* v. *State Street Trust Co.,* 270 Mass. 140, 153.

The trial justice was correct in his finding and on his determination of the requests for rulings of law.

**There being no reversible error the report is ordered dismissed.**

THOMAS K. MCMANUS
   of Norwood for Plaintiff
HOFFMAN & SCHWARTZ
   of Walpole for Defendant